NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0214n.06

No. 17-2161

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 26, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| CALLISTA SUZENA CHIWOCHA, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before:  MOORE, THAPAR, and BUSH, Circuit Judges.

**JOHN K. BUSH, Circuit Judge**. Defendant Callista Chiwocha appeals her sentence for conspiracy to defraud the government by false claims on the grounds that the sentencing court misapplied several enhancements under USSG §§ 3A1.1 and 3B1.1.  For the reasons explained below, we affirm her sentence.

**I**

Chiwocha and members of her immediate family established multiple income-tax preparation companies.  These companies employed a number of "recruiters" and "canvassers" to visit homeless shelters, community soup kitchens, bus stations, and other locations to find indigent individuals who had not filed tax returns.  These individuals were told that they would receive money from an "Obama program" for the poor if they would provide identifying information such as their names, addresses, and social security numbers.  This information was then used to file fraudulent tax returns, most of the money from which was kept by Chiwocha and her family members.

Chiwocha pleaded guilty to one count of conspiring to make fraudulent claims against the United States, in violation of 18 U.S.C. § 286. Over her objection, the district court adjusted her Guidelines range under USSG §§ 3A1.1(b)(1), for Chiwocha's knowing that a victim was vulnerable; 3A1.1(b)(2), for there being a large number of vulnerable victims; and 3B1.1(a), for Chiwocha's acting as an organizer or leader of the criminal activity.

Chiwocha now appeals, arguing that her sentence is procedurally unreasonable because the district court erred in applying the above-mentioned enhancements.

**II**

When a defendant appeals a district court's determination that a sentencing enhancement applies, we review the lower court's legal interpretation of the Guidelines de novo and may overturn its factual findings only if they are clearly erroneous. *See United States v. Stubblefield*, 682 F.3d 502, 510 (6th Cir. 2012).

USSG § 3A1.1(b)(1) applies if "the defendant knew or should have known that a victim of the offense was a vulnerable victim," which is defined as "a person . . . who is unusually vulnerable due to age, physical or mental condition, or *who is otherwise particularly susceptible to the criminal conduct*." USSG § 3A1.1, comment. (n.2) (emphasis added). Because the determination that many of Chiwocha's victims were vulnerable was a factual one, we review for clear error. *United States v. Bolze*, 444 F. App'x 889, 892 (6th Cir. 2012).

The district court did not clearly err in its finding. We have recently found that where a defendant "targeted low-income neighborhoods" as part of a scheme seeking personal information to fraudulently apply for unemployment benefits, the victims' financial troubles made them "unusually vulnerable" to offers of financial assistance. *United States v. Nash*, 648 F. App'x 589, 591 (6th Cir. 2016). As the district court correctly noted, "a person . . . in dire

straits is somebody who is more likely to part with personal information in exchange for a small consideration," and it was not clear error for the district court to find that Chiwocha's victims were particularly susceptible to her scheme.

Chiwocha admits that if we find that she is subject to an enhancement for knowing that her victims were vulnerable, it follows that she is subject to an enhancement for having victimized a large number of vulnerable people. We do, and she is.

Finally, Chiwocha argues that she is not subject to USSG § 3B1.1(a), which applies if the defendant "was an organizer or leader" of the criminal activity. Because the applicability of this enhancement "depends on a number of factual nuances that a district court is better positioned to evaluate," we subject the district court's determination to a "deferential" standard of review. *United States v. Washington*, 715 F.3d 975, 983 (6th Cir. 2013).

Chiwocha's position is that, because of the patriarchal nature of the Chiwocha family, her husband was the only true leader of the fraudulent scheme. "But [t]here can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." *United States v. Tupper*, 644 F. App'x 585, 588 (6th Cir. 2016) (alteration in original) (citations omitted). Given that Chiwocha recruited individuals to canvass for victims, hired employees to complete the fraudulent tax returns, oversaw the daily operation of those employees, received the lion's share of the ill-gotten proceeds into an account she controlled, and was the one person involved in the scheme with an accounting degree and tax-preparation experience, we defer to the district court's determination that she was an organizer or leader of the scheme and reject Chiwocha's argument that her husband was the sole leader.

### III

For the foregoing reasons, we **AFFIRM**.